IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| The American Institute for Chartered Property Casualty Underwriters and The Institutes, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Adam Potter, PBIH, LLC and Business Insurance Holdings, Inc., <br><br> Defendants. | Civil Action No. 1:19-cv-01600-CFC <br><br> *Document Electronically Filed* |

**OBJECTIONS OF DEFENDANTS ADAM POTTER AND PBIH, LLC TO THE HONORABLE SHERRY R. FALLON'S REPORT AND RECOMMENDATION**

Seth Niederman (#4588)
Katelyn M. Crawford (#6591)
**FOX ROTHSCHILD LLP**
Citizens Bank Center
919 North Market Street, Suite 300
Wilmington, DE 19899-2323
(302) 622-4238
SNiederman@foxrothschild.com
KCrawford@foxrothschild.com

**OF COUNSEL:**
Robert S. Tintner (*Admitted Pro Hac Vice*)
Nathan M. Buchter (*Admitted Pro Hac Vice*)
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA, 19103-3222
RTintner@foxrothschild.com
NBuchter@foxrothschild.com

*Attorneys for Defendants,*
*Adam Potter and PBIH, LLC*

Dated: February 22, 2021

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STANDARD OF REVIEW ..................................................................................................... 2

OBJECTIONS .......................................................................................................................... 2

    I.    "GOOD CAUSE" DOES NOT EXIST TO JUSTIFY FURTHER LEAVE TO AMEND.. 2

    II.    FURTHER LEAVE TO AMEND WILL BE FUTILE, WILL CAUSE UNDUE DELAY AND IS PREJUDICIAL TO THE OBJECTING DEFENDANTS. ............................... 6

        A.    Further Amendment would be Futile. ................................................... 6

        B.    Further Amendment will cause Undue Delay in Adjudicating this Dispute ................................................................................................ 8

        C.    Further Amendment will cause the Objecting Defendants to suffer Substantial Prejudice. ........................................................................... 9

CONCLUSION ...................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Arthur v. Maersk, Inc.*, 434 F.3d 196 (3d Cir. 2006) .............................................. 6, 8

*Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820 (3d Cir. 1978) ........................................................................................................................ 9

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................ 6

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463 (D.N.J. 1990) . 7

*In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267 (3d Cir. 2004) ........................... 6, 8

*In re Fisker Auto. Holdings, Inc. S'holder Litig.*, No. CV 13-2100-CFC, 2018 WL 5113964 (D. Del. Oct. 12, 2018) ................................................................................ 3

*Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357 (3d Cir. 2013) ................................ 5, 8

*Long v. Wilson*, 393 F.3d 390 (3d Cir. 2004) ............................................................ 9

*Mullin v. Balicki*, 875 F.3d 140 (3d Cir. 2017) .......................................................... 5

*Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316 (3d Cir. 2020) ................... 3

*Scott v. Vantage Corp.*, 336 F. Supp. 3d 366 (D. Del. 2018), *aff'd*, No. 20-1054, 2021 WL 406179 (3d Cir. Feb. 5, 2021) ................................................................... 8

*Szubielski v. Pierce*, 152 F. Supp. 3d 227 (D. Del. 2016) ......................................... 6

**Statutes**

28 U.S.C. § 636(b)(1) .............................................................................................. 1, 2

**Other Authorities**

Standing Order for Objections Filed Under Fed. R. Civ. P. 72 ................................ 1

**Rules**

D. Del. L.R. 15.1(b) ..................................................................................................... 6

D.Del. LR 72.1(b) ........................................................................................................ 1

Fed. R. Civ. P. 16(b)(4)......................................................................................3

Fed. R. Civ. P. 72(b) ......................................................................................1, 2

Defendants, Adam Potter ("Potter") and PBIH, LLC ("PBIH," together with Potter, the "Objecting Defendants"), by and through their undersigned counsel, hereby object to the February 8, 2021 Report and Recommendation issued by the Honorable Sherry R. Fallon ("Report"), pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b); D. Del. LR 72.1(b) and the October 9, 2013 Standing Order for Objections Filed Under Fed. R. Civ. P. 72.

## **PRELIMINARY STATEMENT**

The Report recommends granting-in-part and denying-in-part the Objecting Defendants' partial motion to dismiss ("Motion"). D.I. 126 (Report); *see* D.I. 51-52 (Partial MTD). Specifically, the Report recommends dismissing without prejudice all counts as to PBIH and Count III as to Potter (hereinafter, the "Claims"), with leave for Plaintiffs to file a second amended complaint within 10 days ("Recommendation").[1] D.I. 126 (Report) at p. 23.

Defendants object to the Recommendation. Dismissal of the Claims should be ***with prejudice*** because "good cause" does not exist to permit Plaintiffs further leave to amend. Plaintiffs did not seek leave to amend in response to the Motion or the motion to dismiss filed by Business Insurance Holdings, Inc. ("BIH, Inc."). Nor did Plaintiffs advocate for such relief in their answering briefs to those motions.

---

[1] The Report also recommends denying the Motion with respect to Count IV (declaratory relief) against Potter. The Objecting Defendants maintain that Count IV fails to state a claim upon which relief can be granted, but do not challenge that part of the recommendation in these Objections.

1

Plaintiffs should not be rewarded by this Court *sua sponte* with a third "bite at the apple"—especially here in a 17-month-old case on its third discovery extension with less than three months to go before the close of fact discovery.

Further leave to amend is also unwarranted here because it will be futile, will cause undue delay and will result in substantial prejudice to the Objecting Defendants. The Claims have no merit and Plaintiffs cannot plead additional facts to save them. Nor can Plaintiffs provide a cogent reason for not seeking leave to amend before the Magistrate Judge Fallon issued the Report. Plaintiffs obtained leave to amend once already 11 months ago and have had several opportunities since then to seek leave to amend the Claims. Plaintiffs chose not to do so at their own peril. Further amendment this late in the case will substantially prejudice the Objecting Defendants, forcing them to expend additional time and resources defending against untenable claims. It would also be a waste of judicial resources.

## STANDARD OF REVIEW

This Court reviews de novo a Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## OBJECTIONS

### I. "GOOD CAUSE" DOES NOT EXIST TO JUSTIFY FURTHER LEAVE TO AMEND.

This Court's initial scheduling order set a deadline to amend pleadings. D.I. 19 (Initial Scheduling Order). Therefore, "good cause" must exist to permit leave to amend after that court-ordered deadline. *Premier Comp Solutions, LLC v. UPMC*,

2

970 F.3d 316, 319 (3d Cir. 2020); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "A party must meet this [good cause] standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Solutions*, 970 F.3d at 319. Whether "good cause" exists depends in part on a plaintiff's diligence. *See id.* at 319; *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, 2018 WL 5113964, at *4 (D. Del. Oct. 12, 2018) ("'Good cause' exists when the party seeking leave to amend exercised reasonable diligence in trying to comply with the scheduling order.").

Here, the Report does not find any good cause in support of the Recommendation. *See* D.I. 126 (Report). That is because none exists.

This case has been pending for seventeen months. *See* D.I. 1 (Initial Complaint filed on August 28, 2019). A substantial amount of party and non-party discovery has occurred. *See* D.I. 25-26, 78, 83-85, 87, 93, 95, 99 (Interrogatories); D.I. 25-26, 84-85, 87-89, 93-94, 96, 100-01, 107, 117 (Requests for Production of Documents; D.I. 83 & 95 (Requests for Admissions); D.I. 29-33, 77, 90 and 102 (Subpoenas). Depositions have also been attempted on several occasions. D.I. 80-82, 105-06, 108-23 (Deposition Notices). The current scheduling order (the fourth overall in this case)[2] provides for completion of document productions in just ten days, on March 2, 2021, and the close of fact discovery in less than three months, on

---

[2] *See* D.I. 19, 61 and 92 (First, Second and Third Amended Scheduling Orders).

3

May 20, 2021. D.I. 125 (Third Amended Scheduling Order). The parties expressly requested this last extension "to make any remaining document productions, review those materials, take depositions *and otherwise complete all remaining fact discovery*." *Id.* (emphasis added).

The court-ordered deadline to amend pleadings in this case expired over a year ago, on February 20, 2020. *See* D.I. 19 (Initial Scheduling Order). Plaintiffs extended that deadline through March 27, 2020[3] in order to seek leave to file their amended complaint. D.I. 46 (Motion for Leave). This Court granted that unopposed motion and docketed Plaintiffs' amended complaint, which added a new party (BIH, Inc.), 2 entirely new fact sections and 54 new allegations to the case. *See* D.I. 46-2 (Redlined version of the Am. Compl.); D.I. 48 (Am. Compl.). The amended complaint also revised a number of previously existing allegations. *See id.*

On May 1, 2020, the Objecting Defendants filed the Motion given the myriad of glaring flaws in Plaintiffs' amended complaint. D.I. 51-52 (Partial MTD). Co-defendant, BIH, Inc. filed its own motion to dismiss on July 14, 2020, advancing several of the same arguments made by the Objecting Defendants in the Motion. *Compare id.*, *with* D.I. 65-66 (BIH, Inc.'s MTD") (arguing for the dismissal of

---

[3] The parties at the time (Plaintiffs, Potter and Business Insurance Holdings, LLC), through counsel, agreed to three separate extensions so that Plaintiffs could file their motion seeking leave to amend. *See* D.I. 43 and Docket Entries dated March 13, 2020 and March 20, 2020 (Orders Entering First, Second and Third Joint Stipulations to Extend Time to Seek Leave to Amend).

claims based on impermissible group pleading, duplicative causes of action and the failure to allege sufficient facts to establish all *prima facie* elements of tortious interference and unjust enrichment claims). Both motions sought dismissal with prejudice. *See* D.I. 51 (Partial MTD) & D.I. 65 (BIH's MTD).

Rather than seeking further leave to amend from this Court to cure the issues raised in those dispositive motions, Plaintiffs opted instead to dig their heels in and defend the very deficiencies that led to the dismissal of the Claims (and Counts II and III of the amended complaint as to BIH, Inc.). D.I. 126 (Report) at p. 23. Plaintiffs never once requested amendment in either of their answering briefs to those pending motions. Nor did they raise amendment as an alternative. *See* D.I. 54 (Ans. Br. to Partial MTD) & D.I. 71 (Ans. Br. to BIH, Inc.'s Partial MTD).

It is well-settled that a plaintiff in ordinary civil litigation, such as a commercial dispute, must take affirmative steps to amend in the face of dismissal. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). Plaintiffs took none here. Since the Motion, Plaintiffs have had ample time and multiple opportunities to seek leave to amend. Plaintiffs should not be rewarded with a third "bite at the apple" now after making a conscious decision not to seek leave to amend in response to two dispositive motions. The Third Circuit has repeatedly declined to reward such a "wait-and-see" approach to seeking leave to amend. *See Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204

(3d Cir. 2006) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied."); *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004) ("Plaintiffs relied at their peril on the possibility of adding to their complaint . . . .").

In sum: Plaintiffs have made their bed, now they must lie in it. Objecting Defendants respectfully request that this Court modify the Recommendation to dismiss the Claims ***with prejudice***, and without permitting further leave to amend.[4]

## II. FURTHER LEAVE TO AMEND WILL BE FUTILE, WILL CAUSE UNDUE DELAY AND IS PREJUDICIAL TO THE OBJECTING DEFENDANTS.

Whether to permit leave to amend under Rule 15(a)(2) is within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave should be denied when the proposed amendment is inequitable or unjust. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Futility, undue delay and prejudice to other parties all serve as separate and distinct reasons to deny leave to amend. *Foman*, 371 U.S. at 182. Each are present here.

### A. Further Amendment would be Futile.

An amendment is futile if it fails to state a claim upon which relief can be granted. *Szubielski v. Pierce*, 152 F. Supp. 3d 227, 233 (D. Del. 2016); *see Harrison*

---

[4] In the alternative, the Objecting Defendants respectfully request that this Court modify the Recommendation by requiring Plaintiffs move for leave to amend, which would require them to (i) set forth the "good cause" why any supplemental allegations and revisions could not have been pled earlier and (ii) attach a proposed second amended complaint that "indicate[s] in what respect it differs from the pleading which it amends." *See* D. Del. L.R. 15.1(b).

*Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (stating that leave may be denied where the proposed amendment is frivolous or advances a facially deficient claim or defense).

Here, further amendment will be futile. For PBIH: "[o]nly three substantive allegations in the amended complaint mention PBIH individually" and "[n]one . . . relate to any of the elements required to plead claims for breach of contract, tortious interference, or unjust enrichment." D.I. 126 (Report) at p. 8 (footnote omitted). Nothing from discovery will change those findings. As noted in the Motion, PBIH is not a party to the underlying contract and has been a defunct company since September 2019. D.I. 52 (Objecting Defendants' Br. in support of the Partial MTD). Moreover, Plaintiffs concede that they cannot cure the generalized group pleading that lead to the dismissal of the Claims against PBIH. *See* D.I. 54 (Ans. Br. to Partial MTD) at p. 13 (arguing "[i]t is impossible to plead with more specificity" given PBIH's closely held nature); *see also* D.I. 126 (Report) ("[T]he amended complaint fails to provide notice to PBIH of the basis for the underlying claims against it.").

Count III against Potter for unjust enrichment is similarly futile because it is wholly duplicative of Plaintiffs' Count I for breach of contract. *See* D.I. 126 at p. 18 (Report) ("[T]he amended complaint lacks facially plausible allegations that the [underlying contract] did not 'comprehensively govern the relationship' between Plaintiffs and Potter."). Again, nothing from discovery will change that finding or

7

show that Potter engaged in conduct to support an independent unjust enrichment claim beyond the four corners of the underlying contract.

### B. Further Amendment will cause Undue Delay in Adjudicating this Dispute.

Mere passage of time does not justify denying leave to amend. *Scott v. Vantage Corp.*, 336 F. Supp. 3d 366, 371 (D. Del. 2018), *aff'd*, 2021 WL 406179 (3d Cir. Feb. 5, 2021). However, delay eventually becomes "undue," placing an unjustified burden on the court and/or an unfair burden on the parties. *Id.*

Here, Plaintiffs' delay between filing their amended complaint and Magistrate Judge Fallon issuing the Report is significant and unjustified. Even though the court-ordered deadline to amend expired over a year ago, Plaintiffs could have sought leave shortly after that deadline in response to the Motion filed on March 1, 2020 *or* BIH, Inc.'s motion to dismiss filed on July 14, 2020. *See* D.I. 19 (Initial Scheduling Order); D.I. 51-52 (Partial MTD); D.I. 65-66 (BIH, Inc.'s MTD). Plaintiffs could have also sought leave to amend at any point while those two motions were pending. Plaintiffs acted at their own peril not seeking such relief. *See Jang*, 729 F.3d at 368; *Maersk*, 434 F.3d at 204; *In re Adams Golf*, 381 F.3d at 280.

Additional allegations made in support of the Claims (to the extent possible) will certainly lead to the Objecting Defendants (and this Court) using additional resources and incurring additional expense. If leave were permitted, the Objecting Defendants anticipate needing to file yet another motion to dismiss Plaintiffs' futile

8

claims against PBIH and their untenable unjust enrichment claim against Potter. Further amendment also has the potential to jeopardize the current pre-trial schedule, which this Court has extended three times already and was expressly requested by the parties to complete all remaining fact discovery. D.I. 125 (Third Amended Scheduling Order) (requesting a third discovery extension "to make any remaining document productions, review those materials, take depositions ***and otherwise complete all remaining fact discovery***" (emphasis added)).

### *C. Further Amendment will cause the Objecting Defendants to suffer Substantial Prejudice.*

[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Courts consider the following factors in deciding the prejudicial-nature of a proposed amendment: (1) whether amendment would require the opposing parties to expend significant additional resources to prepare for trial, (2) whether amendment would significantly delay resolution of the dispute; or (3) whether amendment would prevent a party from bringing a timely action in another jurisdiction. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Here, the Objecting Defendants are substantially prejudiced under factors (1) and (2) for the reasons provided above. Permitting Plaintiffs further leave to amend requires the Objecting Defendants to again defend untenable claims, incurring additional time and expense unnecessarily in the process; wastes judicial resources;

9

and otherwise risks further delaying resolution of this dispute. This case has been pending for seventeen months, during which a significant amount of discovery has occurred. It is time for the parties to marshal their evidence with respect to the remaining claims and defenses and submit those to this Court for final adjudication.

## CONCLUSION

For the reasons above, the Objecting Defendants respectfully request that this Court modify the Report to dismiss all counts as to PBIH, and Count III as to Potter, *with prejudice*.

Respectfully Submitted,

**FOX ROTHSCHILD LLP**

*/s/ Seth A. Niederman*
Seth Niederman (#4588)
Katelyn M. Crawford (#6591)
Citizens Bank Center
919 North Market Street, Suite 300
Wilmington, DE 19899-2323
(302) 622-4238
SNiederman@foxrothschild.com
KCrawford@foxrothschild.com

**OF COUNSEL:**
Robert S. Tintner (*Admitted Pro Hac Vice*)
Nathan M. Buchter (*Admitted Pro Hac Vice*)
**FOX ROTHSCHILD LLP**
2000 Market St., 20th Floor
Philadelphia, PA, 19103-3222
RTintner@foxrothschild.com
NBuchter@foxrothschild.com

*Attorneys for Defendants, Adam Potter and PBIH, LLC*

Dated: February 22, 2021