IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE AMERICAN INSTITUE FOR CHARTERED PROPERTY CASUALTY UNDERWRITERS AND THE INSTITUTES, LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-1600-CFC |
| ADAM POTTER , PBIH, LLC and BUSINESS INSURANCE HOLDINGS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before me are objections (D.I. 128) filed by Defendant Business Insurance Holdings, Inc. (BIH) to the Magistrate Judge's February 8, 2021 Report and Recommendation (D.I. 126). The Magistrate Judge recommended in the Report and Recommendation that I grant in part and deny in part BIH's motion to dismiss the Amended Complaint. D.I. 126 at 23. Specifically, she recommended that I grant BIH's motion to dismiss Counts II and III of the Amended Complaint and deny BIH's motion to dismiss Count I. BIH objects to the Magistrate Judge's recommendation that I deny BIH's motion to dismiss Count I.

The Magistrate Judge had the authority to make her recommendation under 28 U.S.C. § 636(b)(1)(B). I review her recommendation de novo. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Count I is a contract claim. Plaintiffs allege that BIH and its co-defendants breached a noncompete provision in an Asset Purchase Agreement (APA). BIH is a corporation. When it executed the APA in 2018, BIH had another name—C&E MGMT and Planning, Inc. (C&E). The APA required C&E to change its name after the APA closed, D.I. 53 at 31, and C&E changed its name to BIH before Plaintiffs filed this suit.

The APA explicitly states that its noncompete restrictions apply to "each Selling Party." D.I. 53 at 32. Under the express terms of the APA, BIH (i.e., C&E) and Defendant Adam Potter, who owned BIH when the APA was executed, are each a Selling Party. D.I. 53 at 5, 44, 51. A little over a year after the APA was executed, Potter sold BIH to its current owner, Beacon Intercontinental Group.

In its opening brief filed in support of its motion to dismiss, BIH argued that it "is not a party to the APA" and that "[t]he APA says what it says." D.I. 66 at 1. In BIH's words: "'Selling Party' is defined to include only 'the *Companies*, Adam Potter, and [another entity not relevant to Defendant's motion to dismiss]'" and

2

"[n]owhere does the APA define 'Companies' to include successor entities[] or 'renamed' entities." D.I. 66 at 4 (emphasis in original).

In response to this argument, Plaintiffs stated: "The proposition that a party cannot obviate its contractual obligations by merely changing its name hardly needs citation." D.I. 71 at 8. Plaintiffs then gave a list of numerous citations for Delaware cases that flatly reject what Plaintiffs fairly characterized as BIH's "remarkable suggestion" that a company can avoid its contractual obligations by changing its name. D.I. 71 at 8–9. (Delaware law governs the APA.)

In its reply brief, BIH (not surprisingly) changed tack. It conceded that "changing its corporate name did not eliminate its duties under the APA," D.I. 73 at 1; and it argued that, notwithstanding the fact that the APA explicitly defines BIH as a "Selling Party" and explicitly says that the noncompete restriction apply to "each Selling Party," the "context" of the APA showed that BIH is not subject to the noncompete provision because BIH is no longer controlled by Potter. In BIH's words:

> Read in the context of the entire APA, which contains
> granular detail about the post-transaction activities of
> Potter but few details about post-transaction activities of
> [BIH and two other Potter-controlled companies
> designated as Sellers in the APA], the non-compete
> provisions were written to prevent Potter from competing
> with Plaintiffs in an area of the market where the APA

3

> recognized that he still intended to actively participate, either directly or through entities that he might control.

D.I. 73 at 4. According to BIH, the APA "reflects the reality that the competitor with which Plaintiffs were concerned was Potter and the various corporate entities he controlled," D.I. 73 at 1–2, and, "read in that context," the noncompete provision does not apply to BIH since it is no longer controlled by Potter, D.I. 73 at 6–7.

BIH also argued in support of its motion to dismiss that the Amended Complaint lacked factual allegations from which it could plausibly be inferred either that BIH violated a noncompete restriction of the APA or that Plaintiffs suffered any damages because of BIH's alleged conduct. D.I. 66 at 13–14.

In analyzing the merits of BIH's contention that it is not a party to the APA the Magistrate Judge did not address Plaintiffs' argument that the express language of the APA subjected BIH to the APA's noncompete restrictions. Instead, the Magistrate Judge focused solely on BIH's argument that BIH is not subject to the noncompete restrictions because it is no longer controlled by Potter. The Magistrate Judge found that this "argument is a factual dispute that ignores allegations [of Potter's control] in the amended complaint." D.I. 126 at 11. The Magistrate Judge also found that the Amended Complaint alleged facts that

4

plausibly imply that BIH breached its contractual obligations and caused Plaintiffs damages. D.I. 126 at 11–13. Based on these findings, the Magistrate Judge recommended that I deny BIH's motion to dismiss Count I. D.I. 126 at 23.

BIH makes two objections to the Magistrate Judge's recommendation. It argues first that "the Magistrate Judge erred as a matter of law in concluding that the non-compete and non-solicitation provisions of the APA applied to BIH after its sale to Beacon Intercontinental Group in August, 2019." D.I. 128 at 1–2. According to BIH, "the plain language of the APA is sufficient to determine that th[e] [noncompete] provisions [of the APA] did not apply to BIH after August, 2019" and therefore the Magistrate Judge never should have "found that there were disputed facts with respect to whether the APA applied to BIH." D.I. 128 at 2.

I agree with BIH that the Magistrate Judge should have considered and applied the plain language of the APA. But the plain language of the APA makes clear that its noncompete restrictions *do* apply to BIH. BIH had it right in its opening brief filed in support of its motion to dismiss: "The APA says what it says." D.I. 66 at 1. Indeed, it's hard to see how the APA could be clearer. It explicitly says that BIH (i.e., C&E) is a "Selling Party" and it explicitly says that the noncompete restrictions apply to "each Selling Party." Nothing in the APA

5

says or suggests in any way that BIH's status as a Selling Party is contingent on either the makeup of its ownership or its relationship with Potter.

The clear and unambiguous language of the APA puts an end to the matter. Under Delaware law, "[w]hen the contract is clear and unambiguous, [the court] will give effect to the plain-meaning of the contract's terms and provisions without resort to extrinsic evidence." *Sunline Com. Carriers, Inc. v. CITGO Petroleum Corp.*, 206 A.3d 836, 846 (Del. 2019) (internal quotation marks and citation omitted). The clear and unambiguous language of the APA provides that BIH is subject to the noncompete restrictions of the APA.

BIH's second objection is that "the Magistrate Judge erred in allowing Plaintiffs' contract claim to stand even though the Plaintiffs failed to allege damages in anything other than a conclusory fashion." D.I. 128 at 2. I agree, however, with the Magistrate Judge's findings that the allegations in the Amended Complaint plausibly imply that Plaintiffs have been damaged by BIH's alleged contractual breaches. Plaintiffs allege, for example, that BIH's conduct has caused them to incur legal fees, investigative costs, and losses of revenue, customers, and sponsors, and to suffer from confusion in the marketplace. D.I. 48 ¶¶ 147–49.

NOW THEREFORE, at Wilmington this Twenty-sixth day of March in 2021, it is HEREBY ORDERED that:

1. BIH's objections to the Magistrate Judge's Report and Recommendation (D.I. 128) are OVERRULED;

2. The recommended disposition of the Report and Recommendation (D.I. 126) is ADOPTED;

3. BIH's motion to dismiss (D.I. 65) is GRANTED IN PART AND DENIED IN PART;

4. Counts II and III against BIH are DISMISSED without prejudice; and

5. Should Plaintiffs wish to further amend their complaint against BIH, they must do so no later than April 9, 2021.

*[Signature]*
United States District Judge