IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN INSTITUTE FOR CHARTERED PROPERTY CASUALTY UNDERWRITERS and THE INSTITUTES, LLC,<br><br>       Plaintiffs,<br><br>    v.<br><br>ADAM POTTER, PBIH, LLC, and BUSINESS INSURANCE HOLDINGS, INC.,<br><br>       Defendants. | Civil Action No. 19-1600-RGA |

## MEMORANDUM OPINION

Matthew P. Denn, DLA PIPER LLP, Wilmington, DE; Christopher Oprison, DLA PIPER LLP, Miami, FL,

  *Counsel for Cross-Claim Plaintiff Business Insurance Holdings, Inc.*

Seth Niederman, Katelyn M. Crawford, FOX ROTHSCHILD LLP, Wilmington, DE; Robert S. Tintner, Nathan M. Buchter, FOX ROTHSCHILD LLP, Philadelphia, PA,

  *Counsel for Cross-Claim Defendant Adam Potter.*

January 4, 2022

**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Plaintiffs The American Institute for Chartered Property Casualty Underwriters and The Institutes, LLC (collectively, "Plaintiffs") filed this breach of contract case against Defendants Adam Potter, Business Insurance Holdings, Inc. ("BIH"), and PBIH, LLC (collectively, "Defendants"). D.I. 48. BIH asserted five cross-claims against Potter. D.I. 146 at 52–58. Pending before me is Potter's motion to dismiss Cross-Claim Count V (tortious interference with contractual relationship). D.I. 157. The parties have stipulated to dismiss the other cross-claim that was at issue in the motion to dismiss. D.I. 221.

**I. BACKGROUND**

In considering Potter's motion, I accept as true all factual allegations in BIH's Answer and Cross-Claim, D.I. 146, and view those facts in the light most favorable to BIH as the claimant. *See Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003).

In June 2018, Plaintiffs entered into an Asset Purchase Agreement with BIH (known as C&E MGMT and Planning, Inc. at that time) and Potter, the then-owner of C&E. D.I. 48 at ¶¶ 9, 10. Plaintiffs allege that Defendants violated the non-compete and non-solicitation provisions of the Asset Purchase Agreement. *Id.* at ¶¶ 151–179. BIH alleges in its Cross-Claim Count V for Tortious Interference with Contractual Relationship that Potter interfered with a business relationship between BIH and Plaintiffs when Potter provided "incorrect information" to BIH "regarding BIH's legal obligations." D.I. 146 at 57 ¶ 25. Specifically, BIH alleges that Potter represented to BIH that its directors and officers could be involved in the creation of ClaimsX under the Asset Purchase Agreement. *Id.* at 54–56 ¶¶ 14, 20. BIH also alleges that Potter asked the Acuntos (officers of the corporation that bought BIH) to assist his sister, Sydney Posner, with

the creation of ClaimsX. *Id.* at 57 ¶ 26. Thus, Potter is liable for any damage his actions caused to the business relationship between Plaintiffs and BIH. *Id.* at 58 ¶ 29.

## II. LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). When deciding a Rule 12(b)(6) motion, the Court "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III. DISCUSSION

"Delaware courts follow Section 766 of the Restatement (Second) of Torts in assessing a tortious interference claim. To prevail, [the claimant] must show that: (1) there was a contract, (2) about which the particular defendant knew, (3) an intentional act that was a significant factor in causing the breach of contract, (4) the act was without justification, and (5) it caused injury." *WaveDivision Holdings, LLC v. Highland Cap. Mgmt., L.P.*, 49 A.3d 1168, 1174 (Del. 2012) (cleaned up). Potter argues that BIH has failed to state a claim because BIH must allege that

2

Potter caused or induced a third person to breach a contract that the third person had with BIH, but, instead, BIH alleged that Potter caused BIH to violate its obligations owed to Plaintiffs. D.I. 158 at 17–18. BIH responds that its claim arises under Section 766A. D.I. 166 at 7. This section provides:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him.

Restatement (Second) of Torts § 766A (1979).

Potter argues that Delaware courts do not recognize Section 766A claims. D.I. 169 at 7. Although the Delaware Court of Chancery did acknowledge, "The cause of action outlined in Section 766A is less widely adopted, and has never formally been recognized by Delaware courts," it did not outright reject Section 766A. *Chapter 7 Tr. Constantino Flores v. Strauss Water Ltd.*, 2016 WL 5243950, at *10 (Del. Ch. Sept. 22, 2016) (footnote omitted). Rather, the Court of Chancery explained that a previous Delaware court "merely determined that 'Delaware would not reject Section 766A,'" and concluded, "The same holds true" for it. *Id.* at *10 n.53. And although the Delaware courts have not formally adopted Section 766A, the Superior Court did indicate a willingness to consider the cause of action. *See Allen Fam. Foods, Inc. v. Capitol Carbonic Corp.*, 2011 WL 1205138, at *5 (Del. Super. Ct. Mar. 31, 2011) ("[T]he Court finds the views of those judges who have endorsed Section 766A as a valid expansion of the law of tortious interference of contract to be most persuasive."). Given the Delaware courts' apparent willingness to entertain this cause of action, I decline to find that a claim cannot be brought under Section 766A.

Potter argues that, even if Delaware courts would permit a cause of action arising from Section 766A, BIH has failed to sufficiently allege a claim. D.I. 169 at 6. Potter explains that

3

Section 766A "requires specific allegations that the defendant prevented the plaintiff's performance under a third-party contract, which in turn prevented the plaintiff from securing a third party's performance under that same agreement." *Id.* at 9. BIH has alleged only, "Potter prevented BIH from performing its potential obligations owed to Plaintiffs under the Purchase Agreement." *Id.* Thus, Potter argues that BIH failed to allege that "BIH was unable to obtain Plaintiffs' performance under the Purchase Agreement . . . ." *Id.*

> A Delaware court explained:
>
> Section 766A is intended to address situations where "the plaintiff is unable to obtain performance of the contract by the third person because he has been prevented from performing his part of the contract and thus from assuring himself of receiving the performance by the third person."

*Allen Fam. Foods*, 2011 WL 1205138, at *6 (quoting Restatement (Second) of Torts § 766A cmt. c). Here, BIH has alleged that Potter interfered with BIH's performance of its own contractual obligations when he "directly requested that the Acuntos assist Sydney Posner with the creation of ClaimsX, and specifically told the Acuntos that providing such assistance was consistent with the Purchase Agreement." D.I. 146 at 57 ¶ 26; *see also id.* at 57 ¶ 27 ("To the extent that Potter's advice to and requests of the Acuntos caused them to take any actions in violation of the Purchase Agreement, Potter's advice to and requests of the Acuntos were wrongful.").

But Section 766A also requires that BIH allege that it was unable to obtain Plaintiffs' performance as a result of Potter's interference. *See Johnson v. Gov't Emps. Ins. Co.*, 2014 WL 1266832, at *5 (D. Del. Mar. 26, 2014) (granting defendant's summary judgment motion when "Plaintiff has made no showing that any harm alleged from the breach of contract . . . impacted the performance owed to the Plaintiff" as required for a Section 766A claim), *aff'd sub nom. Johnson v. GEICO Cas. Co.*, 672 F. App'x 150 (3d Cir. 2016). BIH has failed to make an

4

allegation of this sort. At best, BIH makes general allegations about damage to a business relationship with Plaintiffs. D.I. 148 at 57 ¶ 25 ("Potter knowingly and tortiously interfered for the benefit of his sister with an existing business relationship between BIH and the Plaintiffs . . . thereby damaging BIH's business relationship with the Plaintiffs."); *id.* at 58 ¶ 29 ("To the degree that any actions taken by BIH violated the Purchase Agreement and have damaged the contractual relationship between the Plaintiffs and BIH, Potter caused that damage through his advice and requests and is liable for it."). At no point does BIH allege that it could not obtain Plaintiffs' performance as a result of BIH's inability to perform. Therefore, BIH has failed to allege sufficient facts for each element of a Section 766A claim, and I will dismiss it.

Potter also makes the argument that a party cannot be liable for breach of a contract and tortious interference with that same contract. D.I. 158 at 19. Because I will dismiss the claim for failure to allege facts for each element of the claim, I do not need to resolve the issue of whether Potter, as a party to the contract, can also be liable for tortious inference.

### IV. CONCLUSION

For the reasons stated above, I will grant Potter's motion to dismiss.

5