# EXHIBIT K

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| The American Institute for Chartered Property Casualty Underwriters and The Institutes, LLC, | )<br>)<br>)<br>) Civ. A. No. 1:19-cv-01600-RGA-JLH<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| Adam Potter and Business Insurance Holdings, Inc., | )<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANT ADAM POTTER'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM INTRODUCING OR ELICITING EVIDENCE AT TRIAL CONCERNING NON-PARTY WAGGY GROUP, INC.

Defendant Adam Potter ("Potter"), through his undersigned counsel, hereby moves *in limine* to preclude Plaintiffs from introducing or eliciting evidence at trial concerning non-party Waggy Group, Inc. ("Waggy"), pursuant to Federal Rules of Evidence 401 and 402.

## ARGUMENT[1]

Plaintiffs' identified the following purported factual disputes concerning Waggy in their proposed Pretrial order:

> 30.  Whether Mr. Potter's operation of Waggy competed with C&E's Business.

---

[1] Motions to exclude evidence are committed to the Court's sound discretion. *See In re Lucky's Mkt. Parent Co.*, 2022 WL 843763, at *6 (D. Del. Mar. 22, 2022).

1

>  31.  Whether Waggy received commissions as a result of the C&H Conference.
>
>  32.  Whether Waggy's involvement with BIH constituted a violation of the APA.

Prior to March 22, 2022, Plaintiffs never raised Waggy as an issue to be litigated. That is because Waggy is irrelevant to the claims and defenses at issue here.

Waggy is not a party. None of the pleadings filed in this case – least of all Plaintiffs' initial and amended complaints – contain allegations about (or even make reference to) Waggy. *See* D.I. 1, 15, 48, 145, 146. Waggy is not identified in any of the parties' initial disclosures. Nor did any of the parties – especially Plaintiffs – seek information or documents concerning Waggy during the approximate ***nineteen months of fact discovery*** in this case, which included multiple sets of party and non-party written discovery requests,[2] the production of thousands of documents, and ten depositions.[3] Waggy is also not mentioned by Plaintiffs' damages expert – Christine Meyer, PhD – in either of her reports.

It is well-settled that only relevant evidence is admissible at trial. *Forrest v. Beloit* Corp., 424 F.3d 344, 355 (3d Cir. 2005); *Fed. R. Evid.* 402. Evidence is

---

[2] *See* D.I. 25-26, 78, 83-85, 87, 93, 95, 99 (Interrogatories); D.I. 25-26, 84-85, 87-89, 93-94, 96, 100-01, 107, 117 (Requests for Production); D.I. 83, 95 (Requests for Admissions); D.I. 29-33, 77, 90 and 102 (Subpoenas).

[3] D.I. 163-64, 167-68, 171, 174, 177, 183, 186, 188, 199, 205-207.

relevant if it has a tendency to make a consequential fact in the action more or less probable than it would be without the evidence. *Fed. R. Evid.* 401.

Here, it is clear that both Waggy and the purported factual issues Plaintiffs identified in their proposed Pretrial Order are irrelevant to the issues to be tried next month in this case. This Court recently observed that competition with the "C&E Business" is not an issued Plaintiffs are litigating in this case. D.I. 304, p. 4, n. 2 ("There were multiple businesses sold to Plaintiffs in the APA, ***but in this litigation, Plaintiffs are only concerned with CLM's business***." (emphasis added)). As noted above, purported commissions to Waggy in connection with the C&H Conference, or Waggy's purported connection to BIH, are not alleged by Plaintiffs in their amended complaint. Nor were those "issues" previously identified by Plaintiffs during fact discovery.

In sum, there is no basis for Plaintiffs to introduce or elicit evidence at trial concerning Waggy. Thus, Plaintiffs should be precluded from doing so – not only to stop a "trial by surprise" on these issues, but also to prevent unfair prejudice to Defendants. Plaintiffs failure to timely disclose these purported factual disputes about Waggy has prevented Defendants from fully and fairly developing their defenses at trial on these issues by having the opportunity to test and explore their bases during discovery.

Finally, it is noteworthy that this Court granted Plaintiffs leave to amend *for a second time* on March 26, 2021 – approximately fifteen months into fact discovery – but Plaintiffs elected not to exercise that right. Thus, Plaintiffs had multiple opportunities to timely raise Waggy as an issue in the case, and failed to do so.

## CONCLUSION

For all of the foregoing reasons, Potter requests that this Court exercise its discretion by precluding Plaintiffs from introducing or eliciting evidence at trial concerning Waggy.

Respectfully Submitted,

**FOX ROTHSCHILD LLP**

*/s/ Seth Niederman*
Seth Niederman (#4588)
Citizens Bank Center
919 North Market Street, Suite 300
Wilmington, DE 19899-2323
(302) 622-4238
SNiederman@foxrothschild.com

**OF COUNSEL:**

Robert S. Tintner (*Admitted Pro Hac Vice*)
Nathan M. Buchter (*Admitted Pro Hac Vice*)
**FOX ROTHSCHILD LLP**
2000 Market St., 20th Floor
Philadelphia, PA, 19103-3222
rtintner@foxrothschild.com
nbuchter@foxrothschild.com

Dated: May 13, 2022                    *Attorneys for Defendant Adam Potter*

4

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that Adam Potter's Motion *in Limine* to Preclude Plaintiffs from Introducing or Eliciting Evidence at Trial Concerning Non-Party Waggy Group, Inc. ("Motion *in Limine*") complies with the type, font and word limitations set forth in this Court's December 9, 2019 Scheduling Order.  Potter's Motion *in Limine* is 640 total words.

                                                */s/  Seth Niederman*
                                                Seth Niederman

Dated:  May 13, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| The American Institute for Chartered Property Casualty Underwriters and The Institutes, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Adam Potter and Business Insurance Holdings, Inc.,<br><br>Defendants. | Civ. A. No. 1:19-cv-01600-RGA-JLH |

**PLAINTIFFS' OPPOSITION TO DEFENDANT POTTER'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE CONCERNING WAGGY GROUP, INC.**

Defendant Potter moves to exclude evidence from this bench trial with respect to the operation of Waggy Group, Inc. ("Waggy"). Motions in *limine* are rarely appropriate in a non-jury trial, such as this one. *See Wright v. Elton Corp.*, 2022 WL 1091280, at *1 (D. Del. 2022) ("[T]he better course is to hear the testimony and continue to sustain objections when appropriate."). In any event, as long as evidence as to Waggy is admissible on any potential ground, it should not be excluded. *See Leonard v. Stemtech Health Sciences, Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013).

Contrary to Potter's assertions, Plaintiffs do, in fact, assert claims against Defendants based on Waggy's booking of hotel rooms and venues for, among others, specialty conferences BIH conducted. They expressly alleged that Defendants violated the APA by not only holding the conferences at-issue, but by *organizing*

them.  *See* D.I. 46-1, Amended and Supplemental Complaint ("Compl."), ¶ 153.  As set forth on previous occasions, the noncompetition provisions of Section 6.12 of the Asset Purchase Agreement provide that "each Selling Party covenants and agrees not to, and shall cause its Affiliates not to" compete with any of the "Seller's Businesses" as defined in Schedule A to the Disclosure Schedule.  Schedule A describes the business of C&E—the entity that is now BIH—as "[a]n event planning company that manages all of CLM's events."  *See* APA, at Sched. A; *see also* Compl., ¶ 16.  Additionally, in referencing Potter's retention of the IATA Number C&E utilized, Schedule 6.12(3) provides that "none of the Selling Parties is permitted to, and each shall cause its Affiliates not to, book or reserve hotel rooms and venues in connection with any meetings, conferences or other events for the insurance industry, and such services are excluded from Permitted Activities."

Discovery has established, including hotel bills and emails that Potter produced, that he founded Waggy to continue C&E's (now BIH's) business.  And, in fact, Waggy booked hotel rooms and venues for BIH's specialty conferences and otherwise planned those conferences.  Evidence of its activities is relevant and highly probative.

That Waggy is not named as a defendant is immaterial.  Not only does Section 6.12(a) require the Selling Parties to preclude their affiliates from competing in

2

violation of its provisions, but forming Waggy to compete against the CLM Group affirmatively breached the Asset Purchase Agreement.

Beyond that, evidence of Waggy's actions is, at least, relevant to demonstrate Potter's efforts to recreate the CLM's entire business model—a model that The Institutes paid approximately $20 million to acquire.  Moreover, the breath of the above-referenced prohibition on booking hotel rooms or venues for events in the "insurance industry" is instructive in interpreting the noncompetition provisions of Section 6.12.  For these reasons alone, evidence of the prohibitions on booking hotel rooms and venues and the use of Waggy to violate those provisions is admissible.

                                              Respectfully submitted,

                                              /s/  *Barry Klayman*
                                              Barry M. Klayman, Esq. (#3676)
                                              **COZEN O'CONNOR**
                                              1201 North Market Street, Suite 1001
                                              Wilmington, DE 19801
                                              Tel: (302) 295-2035
                                              Fax: (215) 701-2209
                                              Email: bklayman@cozen.com
                                              ***Attorneys for Plaintiffs, The American Institute for Chartered Property Casualty Underwriters and The Institutes, LLC***

OF COUNSEL:
Robert W. Hayes (Admitted Pro Hac Vice)
Matthew J. Siegel (Admitted Pro Hac Vice)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA  19103

Dated: May 23, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| The American Institute for Chartered Property Casualty Underwriters and The Institutes, LLC, )))))) | Civ. A. No. 1:19-cv-01600-RGA |
| Plaintiffs, | |
| v. | |
| Adam Potter and Business Insurance Holdings, Inc., | |
| Defendants. | |

**DEFENDANT ADAM POTTER'S REPLY IN
SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE
PLAINTIFFS FROM INTRODUCING OR ELICITING EVIDENCE
AT TRIAL CONCERNING NON-PARTY WAGGY GROUP, INC.**

Potter, through undersigned counsel, submits this Reply in support of his motion *in limine* to preclude Plaintiffs from introducing or eliciting evidence at trial concerning Waggy.

## ARGUMENT

"There were multiple businesses sold to Plaintiffs in the APA, but in this litigation, Plaintiffs are only concerned with CLM's business." (D.I. 304, at 4, n. 1). That was the scope of Plaintiffs' breach of contract claim after discovery closed and dispositive motions were filed. Now after years of litigation, right before trial, Plaintiffs advance new "theories" involving C&E and an IATA Number "based on Waggy's booking of hotel rooms and venues for . . . specialty conferences BIH

1

conducted" as part of Potter's purported effort "to recreate the CLM's entire business model." Opp., at 1-3. Plaintiffs' Opposition provides no justification for their eleventh-hour attempt to introduce these new legal theories, making no reference to any allegation in their pleadings concerning Waggy or purported breaches involving other businesses sold under the APA. Nor do Plaintiffs dispute that they failed to seek discovery on those topics, despite ample opportunity.[1]

Plaintiffs were required to provide Potter with advance notice of the basis for their claims. They failed to do that. Allowing Plaintiffs to proceed on these new theories now would countenance unfair surprise at trial and substantially prejudice Potter, who had no prior notice or opportunity to test these new allegations during discovery or at summary judgment.

## **CONCLUSION**

Thus, Potter requests that this Court preclude Plaintiffs from introducing or eliciting evidence at trial concerning Waggy.

[*Signature of Counsel on Next Page*]

---

[1] Fact discovery was extended six times. (D.I. 204).

                                              Respectfully Submitted,

                                              **FOX ROTHSCHILD LLP**

                                              */s/ Seth Niederman*
                                              Seth Niederman (#4588)
                                              Citizens Bank Center
                                              919 North Market Street, Suite 300
                                              Wilmington, DE 19899-2323
                                              (302) 622-4238
                                              SNiederman@foxrothschild.com

                                              **OF COUNSEL:**

                                              Robert S. Tintner (*Admitted Pro Hac Vice*)
                                              Nathan M. Buchter (*Admitted Pro Hac Vice*)
                                              **FOX ROTHSCHILD LLP**
                                              2000 Market St., 20th Floor
                                              Philadelphia, PA, 19103-3222
                                              rtintner@foxrothschild.com
                                              nbuchter@foxrothschild.com

Dated: May 24, 2022                     *Attorneys for Defendant Adam Potter*

3

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that Adam Potter's Reply in Support of his Motion *in Limine* to Preclude Plaintiffs from Introducing or Eliciting Evidence at Trial Concerning Non-Party Waggy Group, Inc. ("Reply") complies with the type, font and word limitations set forth in this Court's December 9, 2019 Scheduling Order.  Potter's Reply is 250 total words.

                                                */s/  Seth Niederman*
                                                Seth Niederman

Dated:  May 24, 2022