IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN INSTITUTE FOR CHARTERED PROPERTY CASUALTY UNDERWRITERS and THE INSTITUTES, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ADAM POTTER and BUSINESS INSURANCE HOLDINGS, INC.,<br><br>　　　　Defendants. | Civil Action No. 19-1600-RGA |

ORDER

Potter asks this Court to reconsider the denial of his motion for summary judgment on Plaintiffs' breach of contract claim. (D.I. 306). I will deny this request.

As a preliminary matter, the briefing reveals that both Potter and Plaintiffs disagree with my interpretation of the APA's non-compete provision. I construed this provision to prohibit "Defendants from offering a specialty conference that provides content related to claims and litigation management or that targets claims and litigation management professionals." (D.I. 304 at 5). Potter and Plaintiffs both contend, however, that the APA's references to "content related to claims and litigation management" and "conferences targeted to claims and litigation management professionals" do not define the scope of "Sellers' Businesses" and instead limit the "Permitted Activities." (D.I. 307 at 7–8; D.I. 312 at 4–5). Because of this mutual disagreement, I will give the parties the opportunity to brief this issue post-trial.[1]

---

[1] This does not change my previous ruling precluding parol evidence at trial. (*See* D.I. 311 at 2).

1

Nevertheless, I will deny Potter's renewed request for summary judgment. The APA prohibits Defendants from engaging in "any activities that are otherwise competitive with any of the Sellers' Businesses as conducted as of the Closing Date." (D.I. 240-9, Ex. 9, § 6.12). Potter contends that the undisputed evidence shows that CLM did not offer any cannabis-related product as of the Closing Date. (D.I. 307 at 9). He therefore argues that the C&H Conference falls outside the scope of the non-compete. (*Id.*). That is not a conclusion I can reach in connection with a motion for summary judgment.

Schedule A of the APA conclusively sets forth the definition of "CLM Business." (D.I. 240-9, Ex. 9, at Schedule A (Institutes0008127); D.I. 311 at 2 ("I determined that the APA's non-compete provisions were unambiguous.")). This definition is not limited to the specific past product offerings of CLM. Thus, evidence that CLM did not offer any cannabis-related product before the Closing Date does not necessarily prove that a cannabis conference is outside the scope of the non-compete.

Potter's Motion for Partial Reconsideration of the Court's May 13, 2022 Order Granting in Part and Denying in Part Summary Judgment as to Plaintiffs' Amended and Supplemental Complaint (D.I. 306) is **DENIED**.

Entered this 24 day of June, 2022.

/s/ Richard G. Andrews
United States District Judge