IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN INSTITUTE FOR CHARTERED PROPERTY CASUALTY UNDERWRITERS and THE INSTITUTES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ADAM POTTER and BUSINESS INSURANCE HOLDINGS, INC., <br><br> Defendants. | Civil Action No. 19-1600-RGA |

### ORDER

I read the briefing filed in connection with Plaintiffs' motion for clarification or partial reconsideration in regard to my ruling on Defendant BIH's MIL #1. (D.I. 315, 321).

Motions to reconsider are not favored. There are limited circumstances in which a court will even consider them, and the only such circumstance Plaintiffs cite is when there is a need to correct a clear error of law or fact to prevent manifest injustice. Plaintiffs do not, so far as I can tell, assert a clear error of law or fact, and, further, even if there were an error, there would be no manifest injustice. Plaintiffs seek to show a breach of a covenant not to compete. They have some number of conferences Defendants put on (or planned to put on) that I am not preventing them from proving. (*See* D.I. 315 at 6; *see also* D.I. 311 at 1). Maybe those conferences violate the non-compete clause; maybe they don't. That's one of the issues for trial. Putting on evidence of more conferences, including ones that are advertised for the future, would seem unnecessarily cumulative if permitted, and might therefore be excluded on that basis. *See* Fed.

1

R. Evid. 403. In any event, not permitting Plaintiffs to put on evidence of them (even if erroneous) is certainly not a manifest injustice.

Plaintiffs want to introduce evidence about the 2020 workmen's compensation webinars. (D.I. 315 at 1, 8). They state that they only recently learned about them, presumably in the Spring of 2022. They do not say why that is. I do not think "recently-discovered evidence" and "evolving circumstances" (*id.* at 8) justify Plaintiffs' position. I therefore see no justification for permitting Plaintiffs to introduce evidence about these webinars.

Plaintiffs want to introduce evidence about a conference (Insurance and Risk Management Implications) "planned" for October 2022. (*Id.* at 1). When Plaintiffs learned of that is not stated in the briefing, and they do not say that it has been the subject of any discovery. The point of having fact and expert discovery cut-offs is so that both sides can prepare for trial based on matters that have been the subject of discovery. Evidence about the planned October 2022 conference is, it appears, outside the scope of discovery, and is therefore excluded.

I gather that Plaintiffs want to put on evidence that the specialty conferences that I have not excluded are, or are planned to be, annual events. To the extent Plaintiffs want to show that Defendants want to repeat (or have already repeated) the non-excluded conferences as annual events, Plaintiffs can show that. But, to the extent Plaintiffs want to show that a particular conference (or the promotion of such) violated the non-compete clause, they are restricted to the conferences to which I previously limited them. (D.I. 311 at 1).

The motion (D.I. 314) is **DENIED**.

Entered this ___ day of June, 2022.

_____
United States District Judge

2