IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| The American Institute for Chartered Property Casualty Underwriters and The Institutes, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| Adam Potter, PBIH, LLC and Business Insurance Holdings, Inc., | ) ) ) ) |
| Defendants. | ) |

Civil Action No. 1:19-cv-01600-RGA

**DEFENDANT ADAM POTTER'S BRIEF IN SUPPORT OF
THE ENTRY OF JUDGMENT IN HIS FAVOR AND IN OPPOSITION
TO BUSINESS INSURANCE HOLDINGS, INC.'S POST-TRIAL BRIEF**

Seth Niederman (#4588)
**FOX ROTHSCHILD LLP**
Citizens Bank Center
919 North Market Street, Suite 300
Wilmington, DE 19899-2323
T: (302) 622-4238
SNiederman@foxrothschild.com

**OF COUNSEL:**
Robert S. Tintner (*Admitted Pro Hac Vice*)
Nathan M. Buchter (*Admitted Pro Hac Vice*)
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA, 19103-3222
rtintner@foxrothschild.com
nbuchter@foxrothschild.com

Dated: August 5, 2022               *Attorneys for Defendant Adam Potter*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ..............................................................................................................1

    I.    BIH SHOULD BE ESTOPPED FROM ASSERTING ITS CROSS-CLAIM. ................1

    II.   BIH'S CROSS-CLAIM FAILS ON ITS OWN ACCORD. .....................................2

        A.    BIH's "Reliance" was not Reasonable Under the Circumstances. ........2

        B.    The Trial Record Lacks Any Evidence of Pecuniary Harm. .................5

CONCLUSION ...........................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*G–I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247 (3d Cir. 2009).................1

*Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266 (3d Cir. 2012) ...........................1

*Pursuit Partners, LLC v. UBS AG*, 2009 WL 3286011 (Conn. Super. Ct. Sept. 8, 2009) ................................................................................................................5

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355 (3d Cir. 1996) ................................................................................................................2

*Stuart v. Freiberg*, 116 A.3d 1195 (Conn. 2015) ................................................2

*Williams Ford, Inc. v. Hartford Courant Co.*, 657 A.2d 212 (Conn. 1995) ........3

Defendant, Adam Potter ("Potter"), through counsel, submits this Brief in Support of the Entry of Judgment in his Favor and in Opposition to the Post-Trial Brief ("Brief") filed by Defendant, Business Insurance Holdings, Inc. ("BIH").

## PRELIMINARY STATEMENT

There is no merit to BIH's negligent misrepresentation cross-claim, as the evidence does not support such a claim even overcoming the fact that it is entirely contingent on Plaintiffs' breach of contract claim (which also fails). Br. at 4.[1] The negligent misrepresentation cross-claim fails for at least three additional reasons:

(1) BIH is asserting an irreconcilably inconsistent position in its negligent misrepresentation claim and should be estopped from making the claim;

(2) BIH's alleged reliance on Potter's representations was not reasonable; and

(3) BIH failed to introduce evidence of any pecuniary harm.

## ARGUMENT

### I. BIH SHOULD BE ESTOPPED FROM ASSERTING ITS CROSS-CLAIM.

Judicial estoppel precludes litigants from taking irreconcilably inconsistent positions, in bad faith, where estoppel addresses the harm and no lesser sanction is sufficient. *G–I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009); *see Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 272 (3d Cir. 2012). Here, judicial estoppel is warranted. BIH has repeatedly made assertions directed at the Court stating it "is not subject to . . . the noncompete." Br. at 4; *see* D.I. 66 at 6, 8; D.I. 128 at 5, 6;

---

[1] Citations to documents filed on the docket refer to the page numbers provided in the ECF Banner.

D.I. 234 at 7, n. 2; Tr. at 850:7-851:1. BIH cannot claim that Potter made a "misrepresentation" of such a fact when BIH has adopted the exact same position. BIH's cross-claim and Brief alleges: "Potter repeatedly represented to the Acuntos after Beacon Intercontinental's purchase of BIH that the non-compete provision . . . applied only to Potter personally, not to BIH." D.I. 146 at ¶ 19; *see* Br. at 5. It is entirely inconsistent and irreconcilable for BIH to argue that such factual assertions are "misrepresentations" when it took the same position throughout the case with the Court. Such inconsistent positions are being asserted in bad faith without a justifiable basis for advancing diverging positions. *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361 (3d Cir. 1996) ("[J]udicial estoppel is intended to prevent parties from playing fast and loose with the courts by asserting inconsistent positions. . . ."). Estopping BIH from asserting these irreconcilably inconsistent positions is necessary and dispositive of BIH's only remaining cross-claim and warrants a judgment in Potter's favor.

## II. BIH'S CROSS-CLAIM FAILS ON ITS OWN ACCORD.

BIH has failed to establish negligent misrepresentation's reasonable reliance and pecuniary damage elements by the weight of the trial evidence. *See Stuart v. Freiberg*, 116 A.3d 1195, 1204 (Conn. 2015) (reciting the elements).

### A. BIH's "Reliance" was not Reasonable Under the Circumstances.

The at-issue representations are all alleged to have occurred after BIH's sale on September 1, 2019, but before the C&H Conference took place on October 24-25, 2019.

D.I. 146, at 56, ¶¶ 19-21; P-18; P-23.[2] They concern the C&H Conference and ClaimsX, but both turn on Potter's opinion the non-compete did not apply to BIH. Br. at 5-6.

BIH has not argued nor does it cite to any specific trial evidence demonstrating that Acunto's alleged reliance on any representation concerning ClaimsX was reasonable under the circumstances. *Id.* at 6-8. That lack of evidence is fatal to BIH's cross-claim.

As to the C&H Conference, BIH cites a handful of purported reasons why Acunto reasonably relied on Potter's interpretation of the non-compete. *Id.* at 6. None are persuasive. The trial evidence overwhelmingly demonstrates the opposite – that Acunto was not reasonable or justified under the circumstances. *Williams Ford, Inc. v. Hartford Courant Co.*, 657 A.2d 212, 222 (Conn. 1995) ("[R]easonableness is a question of fact for the trier to determine based on all of the circumstances.").

Acunto was well aware of Plaintiffs' position concerning the C&H Conference and the non-compete's scope well before the C&H Conference occurred – some even before he purchased BIH. During due diligence, Potter disclosed to Acunto the non-compete and that Plaintiffs sent him a cease and desist letter. Tr. at 271:23-272:1, 273:5-14, 846:12-23. Acunto ***never*** asked for a copy of the non-compete or Plaintiffs' demand letters. *Id.* at 272:17-20, 273:15-19. Acunto also ***never*** asked Potter to send the non-compete or Plaintiffs' demand to either of his two lawyers at the time; nor did Acunto

---

[2]Alleged pre-sale misrepresentations by Potter were raised in BIH's fraud cross-claim, which was voluntarily dismissed at trial, and cannot form the basis of any implied consent to amend the negligent misrepresentation cross-claim at trial. *Addie v. Kjaer*, 737 F.3d 854, 867 (3d Cir. 2013).

3

himself raise Plaintiffs' demands with his lawyers. *Id.* at 274:9-14, 859:10-861:12. Acunto instead relied on Potter's *legal interpretation* of a contractual provision (the non-compete), *despite knowing Potter is not a lawyer*, and added an indemnification clause to BIH's sale agreement. *Id.* at 771:21-772:1, 819:12-16, 868:8-12; *see id.* at 274:15-16 ("[W]e hinged this on the indemnification.").

In August 2019, Acunto and Potter (while still in due diligence) discussed the disclaimer added to the C&H Conference website and other changes made to the event. *Id.* at 851:2-21. At the time, Acunto thought the disclaimer "was kind of silly, actually, because nothing in [the C&H Conference description], to me, would have attracted a claims professional, per se." *Id.* at 851:16-19. After BIH's sale, but still in September 2019, Potter provided Acunto with a copy of Plaintiffs' initial complaint, which contained allegations about the very same C&H Conference Acunto's BIH was about to present. *Id.* at 282:14-22, 868:13-869:6; *see* D.I. 1 at ¶ 44. In response, Acunto asked BIH's publisher (Keith Kenner) to summarize what "we would face if we decided to cancel, postpone, or totally reshape the Cannabis Conference." Tr. at 282:14-22; P-81. BIH did neither and proceeded with the C&H Conference knowing that Plaintiffs' demands had not been resolved. *Id.* at 773:7-20, 856:14-857:12.

An objectively reasonable person, under the circumstances, would have asked to see the non-compete **as part of ongoing due diligence** and consulted with their attorney who was specifically engaged to assist with that process. *Id.* at 274:9-11, 859:10-13; *see*

4

*Pursuit Partners, LLC v. UBS AG*, 2009 WL 3286011, at *10 (Conn. Super. Ct. Sept. 8, 2009) (stating justifiable reliance cannot exist where a party fails to make use of the means available to it (citing New York law)). BIH did not rely on Potter's opinion about the non-compete's scope, but rather, the sale agreement's indemnification clause. BIH made a ***business decision***, choosing to proceed with the C&H Conference because of potential reputational and financial risks of cancelling it knowing that it was covered either way. Tr. at 767:10-770:7, 856:3-6. Acunto postponed (and then cancelled) the intellectual property conference set to occur concurrently. *Id.* at 793:6-11; 857:13-859-9. He could have done the same with (or reshaped) the C&H Conference, but he did not.

### B. The Trial Record Lacks Any Evidence of Pecuniary Harm.

BIH suffered no pecuniary harm or injury as the result of an alleged representation by Potter. BIH concedes as much arguing it "will suffer" prospective harm ***if*** found liable to Plaintiffs. Br. at 8. BIH cites no case law supporting its ability to sustain a legal claim without proof of actual damages. BIH's negligent misrepresentation cross-claim is nothing more than an end-around at indemnification, which BIH voluntarily dismissed in 2021 to pursue in the Southern District of New York, where the same claim seeking the same relief was first-filed and already pending. D.I. 157, 220-221.

### **CONCLUSION**

For the foregoing reasons, Potter respectfully requests that the Court enter judgment in his favor and against BIH, and all other claims and requests for relief.

Respectfully Submitted,

**FOX ROTHSCHILD LLP**

*/s/ Seth Niederman*
Seth Niederman (#4588)
Citizens Bank Center
919 North Market Street, Suite 300
Wilmington, DE 19899-2323
(302) 622-4238
SNiederman@foxrothschild.com

**OF COUNSEL:**
Robert S. Tintner (*Admitted Pro Hac Vice*)
Nathan M. Buchter (*Admitted Pro Hac Vice*)
**FOX ROTHSCHILD LLP**
2000 Market St., 20th Floor
Philadelphia, PA, 19103-3222
rtintner@foxrothschild.com
nbuchter@foxrothschild.com

Dated: August 5, 2022        *Attorneys for Defendant Adam Potter*

# **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of Defendant Adam Potter's Brief in Support of the Entry of Judgment in his Favor and in Opposition to Business Insurance Holdings, Inc.'s Post-Trial Brief was caused to be served on this date on all counsel of record for the parties *via the Court's CM/ECF*:

                 /s/ *Seth Niederman*
                 SETH NIEDERMAN

Dated: August 5, 2022